

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Stanford Payne
Chief Deputy Supervisor
Oil & Gas Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2216
Re: Whether a special permit to drill
an oil well, granted as an excep-
tion to Rule 37, continues to be
valid after the expiration of the
lease in effect at the time the
permit was granted.

We have your letter of April 11, 1940, in which you ask our opinion
with reference to the present validity of a special permit to drill an oil
well, granted by the Railroad Commission as an exception to Rule 37, where
the lease in existence at the time the permit was granted has expired. You
state in your letter that the special permit was granted to the lessee of a
two acre tract, but that the lease expired before drilling operations com-
menced. The question you ask is whether the permit will be valid so as to
permit the drilling of the well by another person holding a lease executed
thereafter, or whether it will be necessary for the Railroad Commission to
issue a new permit to drill.

We do not find any rule of the Railroad Commission of Texas or any
statute which controls this situation. Under the general authority granted
to it to make the necessary regulations of the production of oil and gas in
order to conserve such natural resources (see Vernon's Annotated Civil Stat-
utes, Articles 6014, 6029, 6049c) the Railroad Commission of Texas would
undoubtedly have the power to make any reasonable regulations governing per-
mits for the drilling of oil wells. See Brown v. Humble Oil & Refining Com-
pany, 126 Tex. 296, 83 S.W. (2d) 935.

The Railroad Commission's spacing rule is Rule 37. This rule pro-
vides for the granting of permits to drill as exceptions to the rule, but
contains no provision covering the situation where the working interest in
an oil and gas lease is transferred either by the act of the parties or by
operation of law after the granting of a permit. We understand that it has
been the general practice of the Railroad Commission to recognize the val-
idity of any permit in the hands of any person who acquires the working
interest in the lease after the granting of the permit, without the neces-
sity of obtaining a new permit.

It is our opinion that the special permit to drill is a privilege which goes with the working interest when the working interest is transferred either by act of the parties or by operation of law. Where, as in this case, the lease has expired, the working interest has become vested in the owner or owners of the fee, as a matter of law, and such fee owners could thereafter transfer such working interest to a new lessee.

There is nothing in Rule 37 which indicates that any special trust or confidence is placed in the permittee at the time the permit is granted, the sole grounds for granting an exception being that the Commission shall find that the permit is necessary "in order to prevent waste or to prevent the confiscation of property." This indicates that the Commission, in granting the permit, is concerned solely with the land involved and that no consideration is given to the financial responsibility or other qualifications of the permittee. The Railroad Commission having determined that a permit should be granted for a well on the tract in question, the privilege to drill the well in the absence of any regulation of the Railroad Commission to the contrary, in our opinion, goes with the working interest, whether such interest is transferred by operation of law or by the act or deed of the parties.

We are not here undertaking to pass upon the right of the Railroad Commission to make any reasonable regulations requiring new application, notice, hearing or permit where the working interest in oil and gas property is transferred; our opinion is strictly limited to the situation where no rule or regulation of the Commission requires such new application, notice, hearing, or permit.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
    s/ James P. Hart
       James P. Hart
       Assistant

JPH:AMM:egw

APPROVED MAY 8, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB Chairman